[Civ. No. 10620. Second Appellate District, Division One.—January 30, 1936.]

WILLIAM SCHRAMM, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, ORLIE R. BLAIR et al., Respondents.

Hewitt & Anderson for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondent Industrial Accident Commission.

F. Britton McConnell and C. W. Bowers for Respondent National Automobile Insurance Company.

HOUSER, P. J.—In this matter the question that is now submitted to this court for its determination arises from the facts that heretofore, pursuant to an application made by Orlie R. Blair to the Industrial Accident Commission, to adjust his claim for compensation arising out of certain injuries alleged to have been sustained by him, an award was made in his favor and against his employer, William Schramm, only, — thereby relieving from liability National Automobile Insurance Company, the alleged insurance carrier of said employer. A petition by Schramm for rehearing was denied. Thereafter Schramm presented to this court his petition for a writ of review as to said order. Following an answer thereto filed by the Industrial Accident Commission, by a stipulation in writing, signed by the respective parties to the proceeding, it was agreed that the award theretofore made by the Industrial Accident Commission be annulled and that the cause be remanded for further proceedings by said Commission. Thereupon, and before any order had been made by this court with respect to said stipulation, National Automobile Insurance Company, the alleged insurance carrier of Schramm, presented its objection to the entry by this court of its order in accord with the terms of said stipulation. At the same time National Automobile Insurance Company requested leave of this court to file its separate answer to the said petition for review of the award.

It is obvious that aside from any possible pride that the Industrial Accident Commission originally may have had in having its award affirmed, National Automobile Insurance

530

Company has a pecuniary interest to the same effect. It may be that in accordance with the rules of practice no absolute right on the part of National Automobile Insurance Company to interfere in the matter obtains (a question which this court does not undertake to here decide) ; but inasmuch as no prejudice may result, either from a failure on the part of this court to enter its order by which, in accordance with the said stipulation, the award would be annulled, or, on the other hand, in permitting National Automobile Insurance Company to file its separate answer to the petition to review the award, it is ordered, that the said stipulation be disregarded by this court, and that within ten days from date hereof, if National Automobile Insurance Company be so advised, it file its separate answer to the petition for a writ of review herein.

York, J., and Doran, J., concurred.